IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. TIMOTHY PFANNER and NANCY PFANNER, | § § § § | |
| Plaintiffs | § | |
| vs. | § § | NO. 1:22-CV-562 |
| UNITED STATES OF AMERICA, | § § § § | |
| Defendant | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Dr. Timothy Pfanner and Nancy Pfanner bring this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiffs complain of the United States of America and would respectfully show the following:

**I. PARTIES**

1.1. This is a medical malpractice case.

1.2. Plaintiffs Timothy Pfanner and Nancy Pfanner reside in Woodway, Texas, within the jurisdiction of this Court.

1.3. The Defendant is the United States of America, it's officers, agents, employees, and representatives.

## II. JURISDICTION, SERVICE & VENUE

**2.1.** This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–80, commonly known as the Federal Tort Claims Act, which vests exclusive subject-matter jurisdiction of the Federal Tort Claims Act in Federal District Court.

**2.2.** The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney Ashley C. Hoff, United States Attorney for the Western District of Texas by certified mail, return receipt requested at her office:

> United States Attorney's Office
> ATTN: Civil Process Clerk
> 601 NW Loop 410,
> Suite 600
> San Antonio, Texas 78216

**2.3.** Service is also affected by serving a copy of the Summons and Complaint on Merrick Garland, Attorney General of the United States, by certified mail, return receipt requested at:

> The Attorney General's Office
> ATTN: Civil Process Clerk
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

**2.4.** Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) because the United States is a Defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. LIABILITY OF THE UNITED STATES

**3.1.** This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671–80, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts, and/or omissions of employees and/or agents of the United States of America working at Olin E. Teague Veterans' Medical Center, Temple, Texas, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

**3.2.** The substantive law of the State of Texas applies to this lawsuit.

**3.3.** The Department of Veterans Affairs is a Department of the United States of America.

**3.4.** The Defendant United States of America, through its Department, the Department of Veterans Affairs, at all material times owned, operated, and controlled Olin E. Teague Veterans' Medical Center in Temple, Texas, and staffed its facilities with its agents, servants, and employees.

**3.5.** At all material times, all persons involved in the medical and health care services provided to Plaintiff Timothy Pfanner at Olin E. Teague Veterans' Medical Center in Temple, Texas were agents, servants, and/or employees of the United

States Department of Veterans' Affairs, the United States of America, or some agency thereof, and were at all material times acting within the course and scope of such employment.

## IV. JURISDICTIONAL PREREQUISITES

**4.1.** Plaintiffs plead pursuant to 28 U.S.C. §§ 2672 and 2675(a) that the claims set forth have met all jurisdictional prerequisites, including timely administrative presentment. The claims set forth in this complaint were timely presented to the Office of General Counsel for the Department of Veterans Affairs and the Olin E. Teague Veterans' Medical Center. The Department of Veterans Affairs issued a written denial of the claims set forth in this lawsuit on September 8, 2020. Plaintiffs timely presented a Request for Reconsideration under 28 U.S.C. § 2401(b), 28 C.F.R. 14.2, and 28 C.F.R. 14.9(b), on December 15, 2020. The Department of Veterans Affairs issued a final denial of Plaintiffs' Request for Reconsideration on February 10, 2022.

**4.2.** This lawsuit was filed in the Western District of Texas within six months after the date of mailing of the final denial notice. Accordingly, all claims have been denied and Plaintiffs have complied with all jurisdictional prerequisites and conditions prior to the commencement and prosecution of this suit.

**4.3.** Plaintiff, Dr. Timothy Pfanner's, Form 95 administratively presented to the United States stated a "sum certain" of five million dollars ($5,000,000.00).

Plaintiff, Nancy Pfanner's, Form 95 presented to the United States stated a "sum certain" of one million dollars ($1,000,000.00).

## V. FACTS

**5.1.** This is a case for monetary damages sustained by Plaintiffs arising out of the personal injuries to Dr. Timothy Pfanner as a result of substandard—and therefore negligent—medical and hospital care, including but not limited to using the wrong medical equipment and devices during Dr. Pfanner's January 19, 2017, Total Knee Arthroplasty (TKA); using the wrong-sized patellar button during the January 19, 2017 TKA; failing to timely and properly diagnose the use of the improper medical device and equipment following Dr. Pfanner's TKA; failing to timely and properly treat the complications, symptoms, and injuries caused by the VA's use of the wrong device in the January 2017 TKA; failing to timely diagnose and treat the prosthesis loosening and failure after the January 2017 TKA; failure to timely refer Dr. Pfanner for treatment by a qualified surgeon to treat the complications caused by the VA's negligent misuse of improper equipment; negligent and improper surgical technique; and failing to timely recognize and intervene post-operatively to fix the damage caused to Dr. Pfanner's knee before it resulted in permanent injury. All these failures led to the need for multiple surgeries that more likely than not, would not have been necessary if the initial surgery was properly performed and timely and properly treated post-operatively. As a result of the Government's negligent medical care, Dr.

Pfanner has sustained permanent injury to his leg that will more likely than not lead to amputation of his leg, among other damages and injury.

5.2.    The records indicate that Dr. Timothy P. Pfanner, then age 71, was initially evaluated on January 11, 2017, by Dr. Gerald Dreher. On January 19, 2017, Dr. Gerald Dreher and resident assistant Wells Steward, MD., performed right total knee arthroplasty (TKA).  He was medically cleared for the TKA, which was performed due to degenerative osteoarthritis of his right knee. An all-poly tri-pegged 29 mm inset patellar button was used. No complications were noted during surgery and Dr. Pfanner was sent to the recovery room in stable condition. A normal and full recovery was anticipated at this time.

5.3.    Dr. Pfanner returned to the clinic on January 25, 2017, with concerns about drainage and swelling. Although some sanguineous drainage from the mid-incision was noted when his Aquacel dressing was removed, no signs of skin separation or infection were charted. Moderate effusion (swelling around the knee due to excessive synovial fluid) with mild erythema was noted. The incision was cleaned, new dressings were applied, and compression stockings were placed with instructions to elevate his leg twice each day. X-Rays performed on February 28, 2017, revealed a large and persistent joint effusion around the right knee with mild residual soft tissue swelling anteriorly. Dr. Pfanner returned to the clinic as requested on March 28, 2017, and reported continued edema in his lower legs, slight laxity on the medial side of his knee, and that his knee would sometimes "clunk."

**5.4.** During a June 16, 2017, appointment, Dr. Pfanner complained of persistent swelling, pain, and right knee instability when walking up and down stairs. His right knee made audible clicking sounds and use of a hinged knee brace did not help. Again, mild edema in the lower leg and mild instability to the medial side of his right knee were noted. Given Dr. Pfanner's worsening pain, instability, and persistent audible clicking from his knee, further workup should have been done at this time. Instead, Dr. Pfanner was advised to follow up in 3-6 months. X-Rays of Dr. Pfanner's right knee taken on October 4, 2017, revealed persistent mild soft tissue fullness within the suprapatellar region, consistent with small joint effusion, but identified no evidence of prosthesis loosening. Given the audible clicking and ultimate finding of undersized patella, the failure to recognize prosthesis problems on the x-ray is notable. Dr. Pfanner's right knee was examined the next day and was found to have 1+ laxity at 20 degrees flexion with valgus/varus stress testing. Dr. Pfanner was encouraged to continue activity as tolerated but was told that revision could be necessary. When Dr. Pfanner called Dr. Dreher to voice his concerns, Dr. Dreher admitted that he was a hand surgeon, and that he may have put in a wrong-sized patellar component during the January 2017 procedure.

**5.5.** Unfortunately, as his knee instability worsened, Dr. Pfanner encountered longer and longer wait times at the VA. As a result, he was referred to Dr. Kirby Dee Hitt with Baylor Scott and White in Temple, Texas through the VA Choice Program to get a second opinion about revision surgery. Dr. Pfanner presented to the Baylor Scott & White Temple Bone and Joint Institute on February 21, 2018, for evaluation

7

of his left and right knees. Mid flexion instability of the right knee was charted, and it was noted that the prior knee replacement was "unstable." Given the worsening instability, Dr. Pfanner agreed to proceed with right TKA revision surgery. Dr. Hitt performed a TKA revision of all three components on April 25, 2018. The operative findings were consistent with diagnosis: flexion instability and painful right total knee replacement. Key findings included mid flexion laxity with joint line alteration, peripheral bone exposure at the patella, and most critically, the patella button used in the initial TKA was undersized. Dr. Hitt removed the existing patella button and revised it to a size 35x10 patella poly button, which articulated properly.

**5.6.** Following this surgery, Dr. Pfanner complied with his post-operative instructions, including physical therapy. Unfortunately, on May 8, 2018, Dr. Pfanner reported to his physical therapist that he felt something "pop" in his right leg when standing from the toilet the day before, followed by an immediate increase in pain and edema. Dr. Pfanner's right knee quadriceps had ruptured. Dr. Hitt performed another surgery on August 21, 2018, to repair Dr. Pfanner's right knee quadriceps rupture. He found the quadriceps had been previously repaired but had since re-ruptured. The suspicion was "that significant damage had occurred because of [Dr. Pfanner's] first knee surgery in January 2017", according to a letter drafted by Dr. Hitt's PA, Adam Pusey. Dr. Pfanner's right leg and knee continued to decline and never recovered. He now has a permanent leg injury that has deteriorated to the point that amputation is likely to occur because of the VA's negligence.

**5.7.** The U.S. Government health care providers at the Olin E. Teague Veterans' Medical Center violated the standard of care by failing to utilize an appropriately sized patellar button during the January 2017 TKA. Follow-up providers at the VA failed to timely diagnose and treat prosthesis loosening and failure. Dr. Pfanner was forced to undergo additional surgeries to repair the damage done by VA health care providers. It is likely that in the future, additional arthritic changes in his right knee will cause pain and suffering in addition to future quadriceps and extensor mechanism dysfunction that may require complex extensor tendon mechanism reconstruction and result in a significant limitation in Dr. Pfanner's ability to independently ambulate and perform other basic activities of daily living, including but not limited to, amputation and its sequalae.

**5.8.** Dr. Pfanner still endures severe chronic pain and impairment. His injuries affected his work as a physician resulting in lost job opportunities and lost income. Dr. Pfanner's pain and nerve damage is likely permanent. Had Dr. Pfanner been appropriately and timely treated, more likely than not, he would not have to endure permanent leg, nerve, and other injuries.

## VI. CAUSES OF ACTION

**6.1.** The Defendant, the United States of America, was negligent in one or more of the following respects:

1. In failing to timely and properly treat Timothy Pfanner, including failing to properly and correctly perform the January 19, 2017, TKA;

    2.    In failing to timely and properly care for Timothy Pfanner;

    3.    In failing to timely and properly perform repair surgery on Timothy Pfanner;

    4.    In failing to timely and properly diagnose Timothy Pfanner;

    5.    In failing to timely and properly evaluate Timothy Pfanner;

    6.    In failing to timely and properly monitor Timothy Pfanner;

    7.    In failing to timely and properly assess Timothy Pfanner's medical needs;

    8.    In failing to timely and properly use the appropriate medical devices, equipment, and prosthesis during the January 19, 2017, surgery, and;

    9.    In failing to timely diagnose and intervene after the January 19, 2017, surgery and timely correct the damage caused by the improper surgical technique, use and placement of the wrong medical equipment and device into Dr. Pfanner's knee. At all material times, the employees, agents, or representatives of the United States of America were negligent and caused the injuries sustained by the Plaintiffs.

## VII. DAMAGES

**7.1.**    As a proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries, which would not have otherwise occurred. Plaintiff Timothy Pfanner pleads for all damages available under Texas state law, federal law, and equity including, but not limited to:

    1.    Past and future physical pain and suffering;

2. Past and future mental anguish;

3. Past and future suffering, humiliation and emotional distress;

4. Past and future physical impairment and disability;

5. Past and future physical disfigurement;

6. Past and future loss of income and impairment of earning capacity;

7. Past and future reasonable value of the loss of consortium with his wife, Nancy Pfanner;

8. Past and future medical, health, and attendant care expenses;

9. Out-of-pocket expenses; and

10. Other pecuniary damages.

7.2. As a proximate result of the Defendant's negligent acts or omissions, Plaintiff Nancy Pfanner individually suffered injuries, which would not have otherwise occurred. She pleads for all damages available under Texas state law, federal law and equity, including, but not limited to:

1. Past and future attendant care provided to Timothy Pfanner by his wife, Nancy Pfanner;

2. Past and future mental anguish;

3. Past and future reasonable value of the loss of consortium with her husband, Timothy Pfanner;

4. Past and future loss of household services;

5. Out-of-pocket expenses; and

6.      Other pecuniary damages.

## CONCLUSION

Plaintiffs request that Defendant be cited to appear and answer herein: that upon final trial and hearing, Plaintiffs have a judgment against the Defendant for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled to and to which the Court believes them deserving.

Respectfully Submitted,

/s/ Jamal K. Alsaffar
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
Texas State Bar Number:  24027193
TOM JACOB
tjacob@nationaltriallaw.com
Texas State Bar Number: 24069981
For Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC
1114 Lost Creek Blvd., Suite 410
Austin, Texas 78746

Attorneys for the Plaintiffs